# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO.  3:06 CV 00141

| | | |
|---|---|---|
| **FLOYD C. BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| Commissioner Social Security Administration, | ) | |
| | ) | |
| **Defendant.** | ) | |
| ———————————————————— | ) | |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's "Motion for Summary

Judgment" (Document No. 8) and "Plaintiff's Memorandum in Support of Motion for Summary

Judgment" (Document No. 9), filed July 18, 2006, and Defendant's "Motion for Summary

Judgment" (Document No. 10) and "Memorandum in Support for Summary Judgment"

(Document No. 11), filed August 14, 2006.  This matter is now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority,

the undersigned finds that the Commissioner's decision to deny Plaintiff Social Security

disability benefits is supported by substantial evidence.  Accordingly, the undersigned will deny

Plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary

Judgment, and affirm the Commissioner's decision.

## I.  PROCEDURAL HISTORY

On March 22, 1999, Mr. Bailey filed an application for a period of disability and Social

Security disability benefits, alleging that he became unable to work on January 22, 1998 (Tr. 86-

92).  Social Security denied Mr. Bailey's claim both initially and on reconsideration, and he

requested a hearing, which was held on February 8, 2000 (Tr. 36-68). On March 3, 2000, the

Administrative Law Judge (ALJ) issued a decision denying Mr. Bailey benefits (Tr. 17-31). Mr.

Bailey requested review of the ALJ's decision.

On May 2, 2000, Mr. Bailey filed another application for disability. On December 7,

2000, the Disability Determination Service found Mr. Bailey to be disabled beginning March 4,

2000. On February 12, 2003, the Appeals Council remanded the claim back to the ALJ (Tr. 261,

286-287). On remand, the ALJ was to review the record regarding the December 7, 2000 finding

that Mr. Bailey was disabled, as well as additional evidence associated with that application.

A second hearing before the ALJ was held on March 17, 2004. On May 13, 2004, the

ALJ found that Plaintiff was not disabled prior to March 4, 2000. The Appeals Council denied

Plaintiff's request for review, making the hearing decision the final decision of the

Commissioner. Plaintiff filed this action on March 23, 2006, and the parties' cross-motions for

summary judgment are ripe for this Court's consideration.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review

of a final decision of the Commissioner to: (1) whether substantial evidence supports the

Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether

the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456

(4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In

Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), the Fourth Circuit defined "substantial

evidence" as

being "more than a scintilla and do[ing] more than creat[ing] a

suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Id. (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has made clear that a reviewing court should not re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence.  Hays, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).   Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence.  Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.")  Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.  DISCUSSION OF CLAIM

The question before the ALJ was whether at any time prior to March 4, 2000,  the Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[1]  The ALJ

---

[1]  Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

considered the evidence and concluded in his written opinion that Mr. Bailey suffers from

depression and generalized anxiety disorder, both of which are "severe" impairments within the

regulatory meaning, but that no impairment or combination of impairments meets or medically

equals one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4; that Mr.

Bailey did not engage in substantial gainful activity during the period in question; that Mr. Bailey

retains the residual function capacity to perform work at all levels of exertion so long as the work

is simple and routine, does not require complicated instructions or processes, is not a fast paced

or high productivity job, and does not involve high levels of interaction or work around hazards

such as unprotected heights or dangerous machinery; that Mr. Bailey is unable to perform his

past relevant work; that Mr. Bailey was "approaching advanced age" during the period in

question; that since Mr. Bailey's non-exertional limitations do not significantly compromise his

ability to perform at all exertional levels, section 204.00, Appendix 2, Subpart P, Regulations

No. 4, indicates that a finding of not disabled is appropriate. Accordingly, the ALJ concluded

that Plaintiff was not disabled as defined for Social Security purposes. In making this

conclusion, the ALJ relied on the testimony of the vocational expert.

Plaintiff contends that the ALJ's determination was not supported by substantial evidence

because the ALJ omitted Mr. Bailey's "significant non-exertional limitations from his

hypothetical questioning" (Doc. No. 9 at 4). Specifically, Mr. Bailey contends the ALJ erred in

not including Dr. Grover's assessment in the questioning. However, the ALJ's questioning did

reflect Dr. Grover's evaluation, even if the ALF did not cite Dr. Grover verbatim. Dr. Grover's

---

less than 12 months ....
Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

evaluation indicated that Mr. Bailey could sustain and perform simple, routine, repetitive tasks

and maintain attention and concentration for two hours at a time, but would be limited in taking

directions from a supervisor, interacting appropriately with others and adapting to routine

changes (Tr. 132). The ALJ's questioning referenced a hypothetical person limited to "simple,

routine work" due to problems with anxiety, depression, concentration and short term memory.

This person would be incapable of working in fast paced or high productivity settings, and would

require a low stress job devoid of dangerous conditions. (Tr. 65-6). The ALJ's questions

incorporated the capabilities indicated by Dr. Grover, and therefore, the ALJ's reliance on the

vocational expert's assessment regarding employment opportunities for Mr. Bailey was based on

substantial evidence.

Mr. Bailey further argues that the ALJ erred in not relying on Dr. Brogan's assessment.

While the ALJ did accept Dr. Brogan's conclusion that Mr. Bailey could not return to his former

job at a nuclear power plant, the ALJ was justified in not relying on Dr. Brogan's further

assessment. As the ALJ noted, Dr. Brogan's "sweeping disability statements and checklist of

functional limitations [were] not supported by her own treatment records." (Tr. 266). Having

concluded that Dr. Brogan's assessment was not supported by her own data, the ALJ chose not to

include these unsupported conclusions in the hypothetical questioning. The ALJ's treatment of

Dr. Brogan's evaluation is consistent with Social Security Administration Regulations which

state that treating physicians such as Dr. Brogan, will be given "controlling weight" unless the

evaluation is found to be unsupported or inconsistent with "other substantial evidence" in the

record. 20 C.F.R. § 404.1527(d)(2).

Plaintiff also contends that the ALJ unfairly treated the testimony of Dr. Hopfenberg

(Document No. 9 at 10).  As a non-examining physician, Dr. Hopfenberg's opinion was

evaluated based on the following factors: 1) length of treatment relationship and frequency of

examination; 2) nature and extent of the treatment relationship; 3) supportability; 4) consistency;

5) specialization; and 6) other factors. 20 C.F.R. § 404.1527(d)(2) (2006).  The ALJ found Dr.

Hopfenberg's assessment to be "internally inconsistent" and in conflict with Disability

Determination Services Doctors Grover and Teja (Tr. 265).  Having thus found Dr.

Hopfenberg's, a non-examining physician, assessment to be unsupportable and inconsistent, the

ALJ reasonably chose not to give this opinion great weight.

As noted before, the ALJ is charged with "reconcil[ing] inconsistencies in the medical

evidence."  Seacrist, 538 F.2d at 1056-7.  The ALJ evaluated the various medical evaluations,

and incorporated those evaluations which were consistent and supported into his hypothetical

questioning of the vocational expert.  The vocational expert found that Mr. Bailey was capable of

employment, and the ALJ relied on this conclusion in finding Mr. Bailey not disabled.  This

reliance was proper, as the testimony of a vocational expert as a "general rule" is critical to

determining potential employment.  See Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir.

1980).  Although the ALJ did not directly quote each medical assessment in his questioning, the

questioning did reflect Mr. Bailey's limitations.  Therefore, the assessment of the vocational

expert was proper, and the ALJ's subsequent reliance on this assessment was based on

substantial evidence.

Based on the foregoing, the undersigned concludes that substantial evidence supports

both the ALJ's findings that Mr. Bailey is not disabled for Social Security purposes.

**IV. ORDER**

Accordingly, **IT IS HEREBY ORDERED THAT**

1.    Plaintiff's "Motion for Summary Judgment" (Document No. 8), filed July 18,

2006, is **DENIED**; the Defendant's "Motion for Summary Judgment (Document

No. 10), filed August 14, 2006, is **GRANTED**; and the Commissioner's decision

is **AFFIRMED.**

2.    The Clerk is directed to send copies of this Memorandum and Order to counsel for

the parties.

Signed: June 19, 2007

Graham C. Mullen
United States District Judge